1  LAURA E. BIELINSKI (Nevada Bar No. 10516)
   lbielinski@bhfs.com
2  MITCHELL J. LANGBERG, ESQ. (Nevada Bar No. 10118)
   mlangberg@bhfs.com
3  JOANNA M. MYERS (Nevada Bar No. 12048)
   jmyers@bhfs.com
4  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
5  Las Vegas, Nevada 89106-4614
   Telephone:    (702) 382-2101
6  Facsimile:    (702) 382-8135

7  Attorneys for Plaintiff
   BOYD GAMING CORPORATION

8

               **UNITED STATES DISTRICT COURT**
9
                   **DISTRICT OF NEVADA**
10

11  BOYD GAMING CORPORATION, a          Case No.
    Nevada Corporation,
12                                       **COMPLAINT FOR DAMAGES AND
                       Plaintiff,        INJUNCTIVE RELIEF**
13
    v.                                   (1) Trademark Infringement under 15 U.S.C. §
14                                           1114
    B HOTEL GROUP, LLC, a Florida
15  limited liability company,           (2) Unfair Competition under 15 U.S.C. § 1125(a)

16                                       (3) Trademark Dilution under 15 U.S.C. § 1125(c)
                       Defendant.
17                                       (4) State Trademark Infringement under NRS
                                             600.420
18
                                         (5) State Trademark Dilution under NRS 600.435
19
                                         (6) Common Law Trademark Infringement
20
                                         (7) Cancellation and Abandonment under 15
21                                           U.S.C. §§ 1119, 1063(a), and 1064

22

23        For its complaint against Defendant B Hotel Group, LLC ("Defendant"), Plaintiff Boyd

24  Gaming Corporation (collectively with its predecessors-in-interest, "Boyd") alleges the following:

25                          <u>**NATURE OF THE CASE**</u>

26        1.      This is an action for trademark infringement, unfair competition and trademark

27  dilution under federal statutes, with pendent state and common law claims for trademark

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

infringement and dilution. Boyd seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Boyd's state and common law claims pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Defendant based upon its purposeful direction of infringing conduct at Boyd in the State of Nevada, which caused and continues to cause Boyd harm in the State of Nevada.  Defendant purposefully directed its activities toward the District of Nevada when it willfully infringed Boyd's intellectual property rights, knowing that Boyd has its principal place of business in the District of Nevada.

4.     Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

5.     Plaintiff Boyd Gaming Corporation is a Nevada corporation, which owns and operates casinos and casino hotel resorts throughout the United States.

6.     Boyd is informed and believes, and thereon alleges, that Defendant B Hotel Group, LLC is a Florida limited liability company doing business at 1825 Main Street, Suite 229, Weston, Florida 33326, which owns the B Ocean Fort Lauderdale hotel in Fort Lauderdale, Florida and the B2 Hotel in Miami, Florida (collectively, "B Hotel Properties").

## BOYD'S RIGHTS IN ITS FAMOUS BOYD MARKS

### Background

7.     Boyd owns and operates twenty-two multi-million dollar casinos and casino hotel resorts located throughout the United States (collectively, "Boyd Properties").

8.     Since its organization in 1975, Boyd has become one of the largest and most successful hotel casino entertainment companies in the United States.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

9. For nearly four decades, Boyd has offered, and continues to offer, quality gaming, hotel resort, casino, restaurant, bar, spa and entertainment services under its famous BOYD brand to millions of consumers throughout the United States who visit the Boyd Properties annually.

<u>Boyd's Trademarks</u>

*Boyd's B Marks*

10. Additionally, for over five years, Boyd has offered its world-renowned gaming, hotel resort, casino, restaurant, bar and cocktail lounge, spa and entertainment services, in addition to its consumer loyalty program ("Boyd's Services") under its "B" family of trademarks, which cleverly incorporates the "B" in its famous BOYD name.

11. For example, among Boyd's most recognizable trademarks is B CONNECTED, which Boyd began using in commerce nationwide in 2008 in connection with Boyd's Services, and most prominently in connection with its consumer loyalty program.

12. The B CONNECTED mark not only incorporates Boyd's "B," but also suggests to consumers that by participating in the B CONNECTED loyalty program, they will gain access and "be" connected to Boyd's vast network of casinos and casino resorts.

13. Capitalizing on its successful "B" branding concept, Boyd subsequently adopted additional B-formative marks, including B RELAXED, B ENTERTAINED, B REWARDED, B SATISFIED and B RECOGNIZED (collectively, with B CONNECTED, "B Marks").

14. Each of Boyd's B Marks utilize the verb "be" substituted as a single letter B (representing BOYD) in connection with a term that is suggestive of Boyd's Services.

15. In other words, each of Boyd's B Marks share a common structure and convey the same overall commercial impression to consumers, namely, that by purchasing Boyd's goods and services, consumers will receive a benefit—they will *be* relaxed, *be* entertained, *be* rewarded, etc.

16. Boyd uses its B Marks prominently in the nationwide promotion of Boyd's Services.

17. As a result of Boyd's extensive marketing efforts, consumers have come to associate the "B" branding concept with Boyd's premier goods and services.

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV
(702) 382-2101

18.     Boyd owns the following trademark registrations with the United States Patent and Trademark Office ("USPTO") for its B Marks:

a)     **B CONNECTED (and design)** (Reg. No. 3,528,792) for hotel resort, restaurant, bar and cocktail lounge services featuring customer loyalty programs that provide hotel resort, restaurant, bar and cocktail lounge benefits to reward repeat customers in International Class 43;

b)     **B CONNECTED (and design)** (Reg. No. 3,568,503) for health spa services, namely, cosmetic body care services and massage services featuring a frequent players club incentive program in International Class 44;

c)     **B CONNECTED (and design)** (Reg. No. 3,562,336) for customer loyalty and retail services in the form of a frequent player's club incentive program in International Class 35;

d)     **B CONNECTED (and design)** (Reg. No. 3,655,701) for baseball caps; cap visors, golf shirts, hats; polo shirts; short-sleeved or long-sleeved shirts in International Class 25;

e)     **B CONNECTED (and design)** (Reg. No. 3,528,791) for casino services featuring a frequent players club incentive program in International Class 41;

f)     **B RELAXED (and design)** (Reg. No. 3,548,089) for hotel, bar and restaurant services; cocktail lounges in International Class 43;

g)     **B RELAXED (and design)** (Reg. No. 3,555,110) for health spa services for health and wellness of the body and spirit offered at a health resort; massage and therapeutic shiatsu massage in International Class 44;

h)     **B ENTERTAINED (and design)** (Reg. No. 3,548,086) for hotel, bar and restaurant services; cocktail lounges in International Class 43;

i)     **B ENTERTAINED (and design)** (Reg. No. 3,544,901) for casinos; conducting and providing facilities for special events featuring casino and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

4

gaming contests and tournaments; entertainment in the nature of live performances by performers, singers, dancers, live music, actors, acrobats, live bands, boxing matches, mixed martial arts, magicians, comedians and video exhibitions; providing casino facilities in International Class 41;

j)    **B REWARDED (and design)** (Reg. No. 3,740,528) for hotel, bar and restaurant services; cocktail lounges in International Class 43;

k)    **B REWARDED (and design)** (Reg. No. 3,565,696) for casinos; entertainment in the nature of live music performances featuring singing, dancing, live music actors, acrobats, live bands, boxing matches, mixed martial arts, magicians, comedians, sporting events and video exhibitions; night clubs; providing casino facilities in International Class 41;

l)    **B REWARDED (and design)** (Reg. No. 3,740,527) for customer loyalty services and customer club services, for commercial, promotional and/or advertising purposes for hotel and casino properties in International Class 35;

m)    **B REWARDED (and design)** (Reg. No. 3,740,529) for health spa services for health and wellness of the body and spirit offered at a health resort; massage and therapeutic shiatsu message in International Class 44;

n)    **B SATISFIED (and design)** (Reg. No. 3,548,099) for hotel, restaurant and bar services; cocktail lounges in International Class 43;

o)    **B RECOGNIZED (and design)** (Reg. No. 3,740,525) for hotel, bar and restaurant services; cocktail lounges in International Class 43;

p)    **B RECOGNIZED (and design)** (Reg. No. 3,565,695) for casinos; entertainment in the nature of live music performances featuring singing, dancing, live music, actors, acrobats, live bands, boxing matches, mixed martial arts, magicians, comedians, sporting events and video exhibitions; night clubs; providing casino facilities in International Class 41;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

q)   **B RECOGNIZED (and design)** (Reg. No. 3,599,735) for customer loyalty services and customer club services, for commercial, promotional and/or advertising purposes; retail shops featuring souvenir items, wearing apparel and toiletries for hotel and casino properties in International Class 35;

r)   **B RECOGNIZED (and design)** (Reg. No. 3,740,526) for health spa services for health and wellness of the body and spirit offered at a health resort; massage and therapeutic shiatsu massage in International Class 44; and

s)   **B (and Design)** (Reg. No. 3,528,785) for hotel resort, restaurant, bar and cocktail lounge services featuring customer loyalty programs that provide hotel resort, restaurant, bar and cocktail lounge benefits to reward repeat customers in International Class 43.

19.    Boyd also owns the following Nevada registrations for its B Marks with the Nevada Secretary of State:

a)   **B CONNECTED** (Reg. No. EO248672013-6) for hotel, restaurant, bar and cocktail lounge service; provision of customer loyalty program which offers hotel, restaurant, and bar benefits to reward repeat customers;

b)   **B RELAXED** (Reg. No. EO248532013-0) for health spa services; and

c)   **B RECOGNIZED** (Reg. No. EO253602013-6) for hotel, restaurant, bar and cocktail lounge services; provision of a customer loyalty program which offers hotel, restaurant, and bar benefits to reward repeat customers.

*Boyd's QUENCH Mark*

20.    Since at least 2006, Boyd has used the mark QUENCH at the IP Casino in Biloxi, Mississippi ("IP Casino") in connection with hotel, casino, resort, bar, restaurant and swimming pool services.

21.    Boyd's rights in the QUENCH mark are evidenced by its federal trademark registration with the USPTO for **QUENCH** (Reg. No. 3,220,154) for casinos, recreational

services in the nature of a pool in International Class 41, and hotel, bar, restaurant, and resort hotel services in International Class 43 ("QUENCH Mark," and collectively with the B Marks, "Boyd Marks").

<u>Boyd's Extensive Use Of And Investment In The Famous Boyd Marks</u>

22.     Since adopting the Boyd Marks, Boyd has continuously used the Boyd Marks at its Boyd Properties and prominently in the nationwide promotion of Boyd's Services.

23.     Boyd has protected its rights in the Boyd Marks by, among other things, asserting such rights against trademark infringers upon discovering infringing activity.

24.     Additionally, Boyd makes extensive use of the Boyd Marks on, among other things, signage and promotional materials.

25.     Boyd has also invested substantial sums of money to advertise, promote and protect the Boyd Marks in print, broadcast and Internet media, including at www.bconnectedonline.com, www.boydgaming.com and the websites associated with the Boyd Properties, such as the IP Casino website at www.ipbiloxi.com.

26.     Since Boyd adopted the Boyd Marks, millions of patrons from throughout the United States have visited the Boyd Properties.

27.     Because of Boyd's significant investment in the Boyd Marks, the Boyd Marks have acquired tremendous goodwill and consumer recognition in the United States, including Nevada.

28.     Through Boyd's extensive use of the Boyd Marks and its trademark registrations with the USPTO and the Nevada Secretary of State, Boyd owns the exclusive right to use the Boyd Marks throughout the United States and Nevada in connection with the goods and services listed in its registrations.

29.     Through Boyd's extensive use, the Boyd Marks have become distinctive and famous in the United States, including Nevada, for Boyd's Services.

## **DEFENDANT'S INFRINGING ACTIVITIES**

30.     Boyd is informed and believes, and thereon alleges, that Defendant opened and began operating its first hotel property, the B Ocean Fort Lauderdale ("B Ocean Property"), under

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

Defendant's B HOTELS & RESORTS brand in or about January 2011 in Fort Lauderdale, Florida.

<u>Defendant Attempts to Register B-formative Marks</u>

31.     Approximately six months prior to opening the B Ocean Property, Defendant filed federal intent-to-use trademark applications with the USPTO for the following marks, among others:

a)      **B PAMPERED** (Ser. No. 85/079,138) for cosmetic products and toiletries, namely, body lotion, shower gel, soap, non-medicated skin creams, hair shampoos and conditioners, shaving cream, sunscreen and aromatic oils in International Class 3 and for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

b)      **B SOCIAL** (Ser. No. 85/017,876) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43; and

c)      **B HAPPY** (Ser. No. 85/022,839) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43

(collectively, "Refused Marks").

### Defendant Continues To Use The Refused Marks After The USPTO Determines That They Are Confusingly Similar To Boyd's B Marks

32.     On or about July 20, 2010, the USPTO issued three separate notices to Defendant, refusing to register each of the Refused Marks (collectively, "Refusals") based on a likelihood of consumer confusion with Boyd's B Marks B CONNECTED, B RELAXED, B ENTERTAINED, B SATISFIED and B RECOGNIZED.

33.     Specifically, in each of the Refusals the USPTO expressly determined that the Refused Marks are confusingly similar to Boyd's B Marks because the Refused Marks and Boyd's B Marks B CONNECTED, B RELAXED, B ENTERTAINED, B SATISFIED and B RECOGNIZED:

      a)     feature the letter "B" as the first word of the mark, where the letter "B" is substituted for the word "BE" in a phrase featuring the letter "B" as a substitute of the word "be";

      b)     have a circular design element around the letter B;

      c)     are highly similar in sound, appearance, and connotation; and

      d)     carry the same commercial impression.

34.     Additionally, in the Refusals the USPTO determined that Defendant's presentation of the Refused Marks in standard character form will not avoid likelihood of confusion with a mark that is registered in special form because, presumably, the marks could be used in the same manner of display.

35.     The USPTO also determined that the services for which Defendant sought to register the Refused Marks are identical in part and closely related to the services Boyd Provides

in connection with its B Marks B CONNECTED, B RELAXED, B ENTERTAINED, B SATISFIED and B RECOGNIZED.

36.    Moreover, the USPTO determined that if consumers encounter the Refused Marks in commerce, they would likely believe the Refused Marks to be a "continuation or part of" Boyd's family of B Marks.

37.    Defendant abandoned its federal applications for the Refused Marks by failing to respond to the Refusals.

38.    Defendant nonetheless commenced use of the Refused Marks in commerce despite the USPTO's determinations in the Refusals and despite Defendant's *actual knowledge* of Boyd's rights in the B Marks.

<u>Defendant Continues To Prosecute Applications For Other B-formative Marks</u>

39.    Despite being on actual notice of Boyd's rights in the B Marks, Defendant continued to prosecute its applications for the following B-formative marks filed prior to the USPTO's Refusals:

a)    **B HAPPY** (Reg. No. 4,207,866) for clothing, namely, blouses, shirts, tops, t-shirts, sweat shirts, boxer shorts, shorts, skirts, sweat pants, pants, caps, hats, headbands, headwear, dresses, dressing gowns, coats, jackets, sweaters, overalls, jogging outfits, robes, night shirts, nightwear, sleepwear, pajamas, parkas, rainwear, neckties, sarongs, sashes, scarves, shawls, belts, aprons, bandanas, bathing suits, beach coverups, beach wear, swimwear, footwear and socks in International Class 25;

b)    **B WIRED** (Ser. No. 85/068,282) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

and reservation services for hotel accommodations for others in International Class 43;

c)     **B OUR GUEST** (Reg. No. 3,909,087) for hotel, resort lodging and motel services; restaurants, namely, fine-dining, bistro and cafe restaurants, catering, bar and cocktail lounge services, all excluding ice cream, frozen yogurt, sherbet and frozen confections; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

d)     **B MINE** (Ser. No. 85/077,310) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

e)     **B IN TOWN** (Ser. No. 85/017,298) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

f)   **B IN THE CITY** (Reg. No. 4,016,432) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

g)   **B CAPITAL** (Ser. No. 85/017,277) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

h)   **B ON THE BEACH** (Ser. No. 85/017,366) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

i)   **B MAGIC** (Ser. No. 85/017,320) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43; and

j) **B DOWNTOWN** (Reg. No. 4,016,431) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43

(collectively, "Prosecuted Infringing Marks").

40. Moreover, after receiving written notice of Boyd's rights in the B Marks, Defendant filed a *multitude* of new federal trademark applications for B-formative marks, including:

a) **B INDULGED** (Reg. No. 4,057,722) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

b) **B INDULGED** (Reg. No. 4,150,866) for cosmetic products and toiletries, namely, shower gel, soap for body care, non-medicated skin creams, moisturizers, hand and body lotions, hair shampoos and conditioners, shaving cream, aftershave lotions, deodorant for personal use, sunscreen,

aromatic oils, colognes, perfumes, scented body spray, bath beads, bath oil, foam bath; scented products for indoor applications, namely, potpourri, potpourri refresher oil, scented lamp oil, sachets, incense, fragrance sticks, essential oils or fragrances in solid, liquid or mist form for use in scenting rooms in International Class 3;

c)   **B NOURISHED** (Reg. No. 4,238,213) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa in International Class 43;

d)   **B IN TOUCH** (Reg. No. 4,242,503) for  hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa in International Class 43;

e)   **B INTERACTIVE** (Ser. No. 85/549,694) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

Brownstein Hyatt Farber Schreck, LLP
100 North city parkway, Suite 1600
Las Vegas, NV
(702) 382-2101

f) **B SCENE** (Reg. No. 4,143,345) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa in International Class 43;

g) **B WED** (Ser. No. 85/124,169) for party and wedding planning, coordination and consultation services in International Class 41;

h) **B VEGAS** (Ser. No. 85/006,004) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

i) **B ACTIVE** (Reg. No. 4,043,147) for health club services, namely, providing instruction and consultation in the field of physical exercise; providing use of exercise equipment; providing fitness and exercise facilities; golf club, golf course and golf instruction services in Class 41 and for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

j)   **B GREEN** (Ser. No. 85/136,200) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others; all of which feature environmentally-conscious services that incorporate waste reduction, energy efficiency, and resource conservation practices in International Class 43; and

k)   **B CHIC** (Ser. No. 85/429,099) for hotel, resort lodging and motel services; restaurant, catering, bar and cocktail lounge services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; hotel services for preferred customers; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; and reservation services for hotel accommodations for others in International Class 43

(collectively, "New Infringing Marks").

<u>Defendant's Targeted Infringement of Boyd's Intellectual Property</u>

41.   Boyd is informed and believes, and thereon alleges, that since receiving actual notice of Boyd's rights in the B Marks, Defendant has intentionally targeted Boyd through its adoption, proposed use and use of the Infringing Marks.

42.   For example, Defendant wholesale copied and commercially used Boyd's QUENCH Mark to promote Defendant's poolside bar and restaurant at its B Ocean Resort.

43.   Further, despite receiving three separate Refusals from the USPTO, *each* expressly notifying Defendant that Boyd owns a federal trademark registration for the *exact* mark B

RELAXED for spa services, Defendant subsequently adopted B RELAXED (with the QUENCH Mark, "Identical Marks") and continues to use the mark in connection with Defendant's spa services at its B Ocean Property.

44.     Moreover, after being put on actual notice of Boyd's rights in the B Marks and the USPTO's determination that a likelihood of confusion exists between Defendant's B-formative marks and several of Boyd's B Marks, Defendant adopted a plethora of additional B-formative marks that mimic Boyd's B-formative branding concept, including:

a)      **B RELAXED**;

b)      **B REFRESHED**;

c)      **B RENEWED**;

d)      **B RESTED**;

e)      **B TREATED**;

f)      **B ON TOP**;

g)      **B EMBELLISHED**;

h)      **B TOGETHER**;

i)      **B HYDRATED**;

j)      **2 B ON THE MOVE**;

k)      **B IN THE KNOW**;

l)      **B PRODUCTIVE, FIT AND SASSY**;

m)      **B MITSVA'D**;

n)      **B ADVENTUROUS**;

o)      **B IN THE NEWS**;

p)      **B THE FIRST TO KNOW**;

q)      **B SOCIAL**;

r)      **B SWEET**;

s)      **B DAZZLED**;

t)      **B EXTRAVAGANT**;

u)      **B WED IN THE AFTERNOON**;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

v)      **B WED BRUNCH**;

w)      **B WED AT THE OCEAN**;

x)      **B DAZZLED**;

y)      **B HOT**;

z)      **B CARVED**;

aa)     **B MEXICANO**;

bb)     **B ITALIAN**;

cc)     **B ASIAN**;

dd)     **B ITALIAN**;

ee)     **B ANDALUSIAN**;,

ff)     **B CUBANO**;

gg)     **B SMASHED**;,

hh)     **B TUSCAN**;

ii)     **B SENSITIVE**;

jj)     **B HUMANE**;

kk)     **B INFATUATED**;

ll)     **B CELEBRATED**;

mm)     **B APPRECIATED**;

nn)     **B CRUISIN'**;

oo)     **B READY**;

pp)     **B CULTURED**;

qq)     **B AMAZED**;

rr)     **B ARTISTIC**;

ss)     **B MESMERIZED**; and

tt)     **B SUN-KISSED**;

("Common Law Infringing Marks," and collectively with the Refused Marks, Prosecuted Infringing Marks, New Infringing Marks and Identical Marks, the "Infringing Marks").

45.     Defendant uses the Infringing Marks through its website located at www.bhotelsandresorts.com in connection with promoting its hotel, bar, restaurant and spa services.

<u>Defendant Bad Faith Infringement</u>

46.     Boyd became aware of Defendant's activities in 2012 and immediately began taking actions to enforce its rights against Defendant.

47.     Boyd is informed and believes, and thereon alleges, that Defendant began using the Infringing Marks years after Boyd acquired rights in the Boyd Marks.

48.     Defendant did not obtain Boyd's consent or authorization to use and/or register marks that are confusingly similar to the Boyd Marks.

49.     Boyd is informed and believes, and thereon alleges, that by adopting and/or registering the Infringing Marks,  Defendant was and is attempting to trade on the goodwill in the Boyd Marks.

50.     Boyd is informed and believes, and thereon alleges, that Defendant did not believe or have reasonable grounds to believe that its use of the Infringing Marks constitutes fair use under federal, state or common law, or is otherwise lawful, privileged or justified.

51.     Boyd is informed and believes, and thereon alleges, that Defendant's rampant adoption of a multitude of B-formative marks, together with its wholesale adoption of the Identical Marks, all subsequent to its actual knowledge of Boyd's rights in the Boyd Marks, is an attempt by Defendant not only to infringe on Boyd's intellectual property rights but also to inundate the market with B-formative marks so as to weaken and dilute the strength of  the Boyd Marks.

<u>Boyd Institutes Proceedings Before The Trademark Trial and Appeal Board</u>

52.     On January 11, 2013 Boyd filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB"), opposing Defendant's application for B INTERACTIVE (Ser. No. 85/549,694).  This proceeding is currently pending before the TTAB, Proceeding No. 91209039.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

53.     On February 25, 2013 Boyd filed a Notice of Opposition with the TTAB opposing Defendant's application for B CHIC (Ser. 85/429,099).   This proceeding is currently pending before the TTAB, Proceeding No. 91209627.

### FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

54.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55.     By using the Infringing Marks, Defendant intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorable imitations of Boyd's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Boyd.

56.     Defendant's use of the Infringing Marks has created a likelihood of confusion among consumers who will falsely believe that the Defendant is associated with Boyd or that Boyd has sponsored or approved of Defendant's services or commercial activities.

57.     Defendant's continued and knowing use of the Infringing Marks without Boyd's consent or authorization constitutes intentional infringement of Boyd's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

59.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relief preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

### SECOND CLAIM FOR RELIEF

### (Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

60.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

61.     Defendant's use of the Infringing Marks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

62.     Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that the services Defendant offers in connection with the Infringing Marks are produced by, or affiliated or associated with, Boyd, when in fact they are not.

63.     Boyd is informed and believes, and thereon alleges, that Defendant acted knowingly, deliberately, and willfully with the intent to trade on Boyd's reputation.

64.     Defendant's conduct is willful, wanton and egregious.

65.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

66.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relieve preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

### **THIRD CLAIM FOR RELIEF**

### **(Federal Trademark Dilution –15 U.S.C. § 1125(c))**

67.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68.     The Boyd Marks are inherently distinctive.

69.     Based on Boyd's continuous and extensive use of the Boyd Marks, the Boyd Marks are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

70.     Defendant began using, in commerce, the Infringing Marks after the Boyd Marks became famous.

71.     Defendant's unauthorized use of the Infringing Marks is likely to cause dilution of the distinctive quality of the Boyd Marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

72.     Boyd is informed and believes, and thereon alleges, that Defendant's actions were willful in nature, in that Defendant willfully intended to trade on Boyd's reputation or to dilute the Boyd Marks.

73.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

74.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relieve preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

## FOURTH CLAIM FOR RELIEF

### (State Trademark Infringement—NRS 600.420)

75.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

76.     By using the Infringing Marks in commerce without the consent or authorization of Boyd, Defendant intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of the Boyd Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection or association with Boyd.

77.     Defendant's use of the Boyd Marks has created a likelihood of confusion among consumers who will falsely believe that Defendants' goods and services are associated with the goods and services of Boyd, or that Boyd has sponsored or approved Defendant's goods, services or commercial activities.

78.     Defendant' continued use of the Boyd Marks with knowledge of the Boyd Marks and without the consent or authorization of Boyd constitutes intentional infringement of Boyd's registered state trademarks in violation of NRS § 600.420.

79.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

80.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relieve preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

### FIFTH CLAIM FOR RELIEF

### (State Trademark Dilution—NRS 600.435)

81.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

82.     Boyd's B Marks, including B CONNECTED, B RELAXED and B RECOGNIZED, are inherently distinctive or have acquired distinctiveness through Boyd's extensive use.

83.     Based on Boyd's continuous and extensive use of the Boyd Marks, including B CONNECTED, B RELAXED and B RECOGNIZED, in the State of Nevada, these marks are entitled to be recognized as famous under NRS 600.435(2).

84.     Boyd is informed and believes, and thereon alleges, that Defendant began using, in commerce, the Infringing Marks after the Boyd Marks, including B CONNECTED, B RELAXED and B RECOGNIZED, became famous in the State of Nevada.

85.     Defendant's unauthorized use of the Infringing Marks is likely to cause dilution of the distinctive quality of the Boyd Marks and the goodwill associated with them, in violation of NRS 600.435(1)(b).

86.     Boyd is informed and believes, and thereon alleges, that Defendant's actions were willful in nature, in that Defendant willfully intended to cause dilution of the Boyd Marks, including B CONNECTED, B RELAXED and B RECOGNIZED, or willfully intended to trade on Boyd's reputation.

87.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

88.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relieve preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

### SIXTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

89.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

90.     By virtue of having used and continuing to use the Boyd Marks, Boyd has acquired common law trademark rights in the marks.

91.     Defendant's use of the Infringing Marks infringes upon Boyd's interest in common law trademark rights in the Boyd Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate from, are affiliated with, or are endorsed by Boyd when, in fact, they are not.

92.     As a direct and proximate result of Defendant's infringement, Boyd has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

93.     In addition to monetary damages, Boyd is entitled to preliminary and permanent injunctive relieve preventing Defendant's continued infringement of Boyd's rights in the Boyd Marks.

### SIXTH CLAIM FOR RELIEF

**(Cancellation Of Registrations And Abandonment Of Applications**

**Pursuant to 15 U.S.C. §§ 1119, 1063(a), and 1064)**

94.     Boyd incorporates the allegations in the preceding paragraphs as if fully set forth herein.

95.     Boyd seeks determinations from the Court that Defendant's registrations obtained for its Infringing Marks shall be cancelled.

96.     Boyd also seeks determinations from the Court to otherwise rectify the register such that Defendant's applications for its Infringing Marks do not proceed to registration.

**PRAYER FOR RELIEF**

WHEREFORE, Boyd respectfully prays that the Court grant the following relief:

A.  A preliminary and permanent injunction prohibiting Defendant, Defendant's respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from:

      1)  using the Infringing Marks, confusingly similar variations thereof or any other marks that infringe or dilute the Boyd Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and

      2)  using, maintaining an existing registration, registering or attempting to register any B-formative mark in which the verb "be" is substituted as a single letter B in connection with a term that is suggestive of Defendant's services.

B.  A final order and permanent injunction:

      1)  directing cancellation of Defendant's registrations for Infringing Marks on the USPTO's Principal or Supplemental Register; and

      2)  rectifying the register of the USPTO such that Defendant's applications for its Infringing Marks do not proceed to registration.

D.  An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Boyd in an amount to be determined at trial;

E.  An award of interest, costs and attorneys' fees incurred by Boyd in prosecuting this action pursuant to 15 U.S.C. § 1117(a)(3) and NRS 600.430; and

///

///

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101

F.      All other relief to which Boyd is entitled.

DATED this 4th day of June, 2013.

Respectfully submitted,

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By:   /s/ Laura E. Bielinski
      Laura E. Bielinski (# 10516)
      Mitchell J. Langberg (# 10118)
      Joanna M. Myers (# 12048)
      100 City Parkway, Suite 1600
      Las Vegas, Nevada  89106-4614

      Attorneys for Plaintiff
      BOYD GAMING CORPORATION

012317\0006\10304663.5

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV
(702) 382-2101