UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BOYD GAMING CORPORATION, | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-00981-GMN-CWH |
| vs. | ) | **ORDER** |
| B HOTEL GROUP, LLC, | ) | |
| Defendant. | ) | |

      This matter is before the Court on the parties' Proposed Discovery Plan and Scheduling Order (#24), filed August 12, 2013.  The parties request special scheduling review based on a difference of opinion regarding the commencement of discovery in this matter.  Plaintiff Boyd Gaming seeks a standard discovery schedule with the standard deadlines as measured from August 26, 2013, the date of the parties 26(f) conference.  Defendant B Hotel Group seeks a stay of all discovery and discovery deadlines pending a decision on its motion to dismiss (#8).

      The Court has reviewed the proposals and finds that a stay of discovery pending resolution of the motion to dismiss is appropriate.  Courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court held that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach in the District of Nevada remains as has been previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).   That is, generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653).

An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653. The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City*, 124 F.R.D. at 653.

In its pending motion to dismiss, Defendant B Hotel Group challenges personal jurisdiction. Whether a court has personal jurisdiction over a defendant is a critical preliminary question. It does not, however, mandate a stay of discovery. Courts retain discretion to determine whether discovery should go forward. *See Holiday Systems, Intern. of Nevada v. Vivarelli, Schwarz, and Associates*, 2012 WL 3860824 (D. Nev) (finding that a magistrate judge does not abuse his discretion when he denies a stay based solely on a motion challenging personal jurisdiction). It is the undersigned's view that a pending motion challenging jurisdiction strongly favors a stay or, at minimum, limitations on discovery until the question of jurisdiction is resolved. *See Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671 *5 (D. Nev.) ("A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him.") (citation omitted).

Normally, "discovery should . . . be granted where pertinent facts bearing on the question of jurisdiction are controverted <u>or</u> where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted) (emphasis added). The undersigned has reviewed the briefing related to the motion to dismiss (#8) and there is no indication that discovery is necessary to resolve the jurisdictional question. Plaintiff Boyd Gaming

is not precluded from bringing an additional motion specifically identifying what jurisdictional discovery might be necessary, but, based on the briefing, it does not appear jurisdictional discovery is necessary. Consequently, the Court will stay discovery. Accordingly,

**IT IS HEREBY ORDERED** that the parties' Proposed Discovery Plan and Scheduling Order (#24) is **granted in part and denied in part**. Discovery is stayed pending resolution of the Defendant's Motion to Dismiss (#8).

**IT IS FURTHER ORDERED** that the parties shall submit a proposed discovery plan and scheduling order within seven (7) days of a decision being entered on Defendant's Motion to Dismiss (#8).

DATED: August 13, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**