**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Boyd Gaming Corporation,

        Plaintiff,

vs.

B Hotel Group, LLC,

        Defendant.

Case No.: 2:13-cv-00981-GMN-CWH

**ORDER**

Before the Court is the Motion to Dismiss Complaint for Lack of Personal Jurisdiction (ECF No. 8) filed by Defendant B Hotel Group, LLC, to which Plaintiff Boyd Gaming Corporation filed a Response (ECF No. 10), and Defendant filed a Reply (ECF No. 11).

**I. BACKGROUND**

Plaintiff filed its Complaint before this Court on June 4, 2013, alleging causes of action against Defendant "for trademark infringement, unfair competition and trademark dilution under federal statutes, with pendent state and common law claims for trademark infringement and dilution." (Compl., 2:26-27 – 2:1, ECF No. 1.) Plaintiff is a Nevada business incorporated under the laws of the state of Nevada, and Defendant is a limited liability company organized under the laws of the state of Florida. (*Id*. at 2:¶¶5-6.) Plaintiff alleges that it owns the exclusive rights to registered trademarks related to its operation of hotel casino entertainment companies located throughout the United States, and that Defendant has infringed upon these rights in violation of federal and state law. (*Id*. at 2-3.) Plaintiff alleges that the "Court has personal jurisdiction over Defendant based upon its purposeful direction of infringing conduct at [Plaintiff] in the State of Nevada, which caused and continues to cause [Plaintiff] harm in the State of Nevada," and that "Defendant purposefully directed its activities toward the District of

1  Nevada when it willfully infringed upon [Plaintiff]'s intellectual property rights, knowing that
2  [Plaintiff] has its principal place of business in the District of Nevada." (*Id.* at 2:¶3.)
3        After being served with the Complaint, Defendant responded by timely filing the instant
4  motion to dismiss under Rule 12(b)(2), arguing that the Court lacks personal jurisdiction over
5  Defendant. (ECF No. 8.)  As a basis for the argument, Defendant alleges that it currently
6  operates hotels only in the state of Florida, that it has no physical presence of any kind in
7  Nevada, and that it directs no advertising to the state of Nevada. (*Id.* at 2.)  Defendant argues
8  that even its minimal connections with Nevada – an online website accessible to Nevada
9  residents, and occasional Nevada guests at its Florida hotels – do not support the exercise of the
10 Court's jurisdiction over Defendant. (*Id.* at 3.)

**II. LEGAL STANDARD**

      A defendant may move to dismiss an action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  "Although the burden is on the plaintiff to show that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012) (internal quotation marks omitted).  "Additionally, the court resolves all disputed facts in favor of the plaintiff." *Id.*

      To establish personal jurisdiction where no applicable federal statute governs personal jurisdiction, there must be personal jurisdiction under the laws of the state where it is asserted, and the exercise of jurisdiction must satisfy due process. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  In Nevada the jurisdictional analysis is essentially the same as under the Due Process Clause, U.S. Const. amend. XIV, § 1, because Nevada's long arm statute, Nev. Rev. Stat. § 14.065(1), by its terms extends personal jurisdiction over defendants to the limits of the state and federal constitutions. *See Trump v. Eighth Jud. Dist.*

*Ct.*, 857 P.2d 740, 747 (Nev. 1993).

"There are two types of personal jurisdiction, specific and general." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). This standard is "fairly high" and uncommonly met. *Id.* (collecting cases).

Specific jurisdiction is analyzed under a three-prong test in the Ninth Circuit:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource*, 653 F.3d at 1076 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden of satisfying the first two prongs, and if this burden is met, the burden then shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### III. DISCUSSION

Here there are no facts alleged to support the exercise of general personal jurisdiction over Defendant. Accordingly, the Court's analysis examines whether Plaintiff has met its burden to make a prima facie showing of facts supporting the Court's exercise of specific personal jurisdiction. As discussed below, the Court finds that Plaintiff has met this burden, and that the exercise of jurisdiction is reasonable.

**A. Purposeful Direction or Purposeful Availment**

"The first prong of the specific jurisdiction test refers to both purposeful availment and purposeful direction." *CollegeSource*, 653 F.3d at 1076.  "A purposeful availment analysis is most often used in suits sounding in contract;" and "[a] purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802. Purposeful direction analysis is also applied in suits involving internet contacts and infringement of intellectual property. *See Washington Shoe*, 704 F.3d at 673 (discussing willful infringement claims in the copyright context); *Yahoo! v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

Here, where willful infringement of trademark laws is alleged, the Court finds that the "purposeful direction" analysis is most applicable. *See Washington Shoe*, 704 F.3d at 673–678; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006).

Purposeful direction is analyzed under the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1983).  "Under *Calder* the 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.[1] "Thus, courts may exercise personal jurisdiction over a defendant who engages in an intentional act that causes harm in the forum state, even if that act takes place outside of the forum state." *Washington Shoe*, 704 F.3d at 673.

**1. Intentional Act**

"[A]n intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Id*. at

---

[1] The Ninth Circuit has clarified that although some cases suggest that the brunt of the harm must be suffered in the forum state, the test is instead whether a "jurisdictionally sufficient" amount of harm is suffered in the forum state. *Yahoo!*, 433 F.3d at 1207.

1  674. Here, the uncontroverted allegations show that Defendant used its marks and repeatedly
2  attempted registration of its marks with notice that the United States Patent Office ("USPTO")
3  had determined these marks and similar marks as likely to create consumer confusion with the
4  marks owned and registered by Plaintiff. (*See* Compl. at ¶¶30–45.)  This is more than sufficient
5  to satisfy the requirement that Defendant committed an intentional act within the meaning of
6  the *Calder* "effects" test.

### 2. Expressly Aimed

8  "Express aiming" at the forum state includes the requirement of "something more" than
9  simply "the broad proposition that a foreign act with foreseeable effects in the forum state
10  always gives rise to specific jurisdiction." *Washington Shoe*, 704 F.3d at 675 (internal quotation
11  marks omitted).  "[T]he 'express aiming' requirement is satisfied, and specific jurisdiction
12  exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a
13  plaintiff whom the defendant knows to be a resident of the forum state.'" *Id*. (internal quotation
14  marks omitted).  Where willful infringement is alleged, the impact of such infringement is
15  necessarily directed at the forum where the trademark is held. *Cf. id*. at 678.  Therefore, acts of
16  willful infringement are "expressly aimed" at the forum where a trademark is held when a
17  defendant knows the plaintiff is a resident of the forum state.

18  As discussed above, Plaintiff has alleged that Defendant used its marks and continued to
19  attempt registration of its marks after receiving notice that Plaintiff owned similar marks,
20  constituting willful trademark infringement.  There is no dispute that Defendant knew Plaintiff
21  was a Nevada corporation.  As explained in *Washington Shoe*, the location of Plaintiff's
22  intentional acts need not be in the same forum as the location of the impact of those acts (here,
23  Nevada).  Therefore, here the "express aiming" element is satisfied even where Defendant's
24  intentional acts occurred outside of Nevada, because Defendant cannot dispute that it knew the
25  impact of those acts would be felt in Nevada, Plaintiff's principal place of business.

The Court finds support for its conclusion in the reasoning of *Pebble Beach* and in *Washington Shoe*. Here, as in *Pebble Beach*, the allegations involve trademark infringement and the analysis focuses on whether Defendant had sufficient knowledge that the impact of its intentional activities relating to its trademarks would be felt by Plaintiff in Nevada. As explained in *Washington Shoe*, the key question is as to the sufficiency of the evidence showing the defendant's knowledge that the impact of its acts would be felt in the forum. *Id*. at 677–78. Unlike the defendant in *Pebble Beach*, here there is more than sufficient basis to conclude that Defendant had ample notice of the impact of its actions would be felt by Plaintiff in this forum.

As alleged in the Complaint, Defendant used and adopted the infringing marks after receiving notice from the USPTO of Plaintiff's similar marks and of the likelihood that the marks would create confusion among consumers. (*See* Compl., ¶¶32–36, 44.) After receiving this notice, Plaintiff alleges Defendant continued to create and to use multiple marks that were similar in the same way to Plaintiff's marks. (*Id*. at ¶44.) Based upon this notice alone, Defendant cannot reasonably dispute that it knew Plaintiff's principal place of business, Nevada, was a forum in which its intentional trademark-related acts would be directed.

**3. Causing Harm**

The final element is that the plaintiff suffer a harm that the defendant knows is likely to be felt in the forum state. *Yahoo!*, 433 F.3d at 1206. "[T]his element may be established even if 'the bulk of the harm' occurs outside the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010) (quoting *Yahoo!*, 433 F.3d at 1207). "The economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Washington Shoe*, 704 F.3d at 679 (internal quotation marks omitted).

Likewise, here, the Court finds that this element is satisfied because the economic loss caused by Defendant's alleged intentional infringement of Plaintiff's trademark was foreseeable, and even if Defendant is correct that "the bulk of the harm" occurred outside

Nevada, Plaintiff's allegations are more than sufficient to constitute a prima facie showing of harm that Defendant knew would likely be felt in this forum. Specifically, as in *Washington Shoe*, "[i]t is foreseeable that the loss will be inflicted both in the forum where the infringement took place," and also in Nevada, where Plaintiff "has its principal place of business." *Id*.

### B. Arising Out of or Relating to Defendant's Forum-Related Activities

Although Defendant appears to argue that this element is not met because the impact of its trademark-related activities is directed at numerous forums (including Nevada), the Court finds no legal authority supporting this argument, and Defendant provides none. The standard for this element is not as to the degree or proportional volume of the impact of a defendant's forum-related activities, but solely as to whether the plaintiff's claims arise out of or relate to any of defendant's forum-related activities.

Here, as discussed above, because Defendant knew Plaintiff held the trademarks at issue in this case, and that Plaintiff's principal place of business is in Nevada, Defendant's forum-related activities include any trademark-related acts that were felt by Plaintiff in Nevada. Plaintiff's claims of willful trademark infringement arise out of or relate to Defendant's activities that were directed to Nevada, regardless of where the acts primarily occurred. Accordingly, the Court finds that there is no true dispute as to whether Plaintiff's claims of trademark infringement here "arise out of or relate to" Defendant's trademark-related activities.

### C. Reasonableness

The Court's next analyzes "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe*, 326 U.S. 320). For this element, reasonableness is presumed, and the burden is on Defendant to show that the exercise of jurisdiction would be unreasonable.

To support its argument, Defendant quotes the factors set forth in *Dole Food Co., Inc. v. Watts*:

(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

303 F.3d 1104, 1114 (9th Cir. 2002).

However, Defendant focuses its arguments primarily on its burden to defend. "A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" *Panavision*, 141 F.3d at 1323 (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128–29 (9th Cir. 1995)). Here, the Court does not find the inconvenience so great as to constitute a deprivation of due process.

The remainder of Defendant's argument is primarily as to the extent of its "purposeful injection" into the affairs of the state of Nevada. While the Court agrees that this factor weighs more in Defendant's favor, neither this consideration nor the burden of defending in this forum are sufficiently weighty as to overcome the strength of the remaining factors. Most important, the Court finds that Nevada's interest in adjudicating any alleged infringement of its residents' trademarks is strong; and the remaining factors are neutral or weigh in favor of adjudication in this forum. Accordingly, the Court cannot find that Defendant has met its burden to show that the exercise of jurisdiction is unreasonable.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8) is **DENIED**.

**DATED** this 18th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court